NO.   91-217

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

RAYMOND JOSEPH PEAK,

     Defendant and Appellant.

FILED

NOV 2 2 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     E. June Lord, Attorney at Law, Great Falls, Montana

     For Respondent:

     Hon.  Marc  Racicot,  Attorney  General,  Helena,
Montana; Barbara Harris, Assistant Attorney General,
Helena, Montana
Patrick L.  Paul, Cascade  County Attorney, Great
Falls, Montana


Submitted on briefs: October 31, 1991

Decided: November 22, 1991

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The defendant, Raymond Joseph Peak, appeals from the judgment of the District Court of the Eighth Judicial District, Cascade County, which found him guilty of felony theft in violation of § 45-6-301, MCA. We affirm.

The issue on appeal as restated by this Court is whether there is sufficient evidence to support the defendant's conviction of felony theft.

The defendant was found guilty of stealing tools and other items from a truck belonging to U.S. West Communications while the truck was parked in the lot of Ulmer's Auto Service in Great Falls. At trial, Myron Oatman, a mechanic at the shop, testified that he was working on April 30, 1990, when he saw the defendant walking away from the utility truck carrying a bucket of tools. Oatman recognized the bucket as the type that previously had been in U.S. West trucks while at the shop. Oatman watched the defendant as he walked down an alley and into a nearby house. Oatman then went inside the shop and spoke to his boss, Greg Ulmer, and they checked the truck, noting that there was not a tool bucket in the truck.

Ulmer testified that shortly after he and Oatman checked the truck, he saw the defendant walking across the shop's parking lot with a large set of cable cutters and an impact wrench. When checking the truck, Ulmer had seen the same tools inside the door. Ulmer ran after the defendant, detained him, and called the police.

Great Falls City Police Officer Daniel Nelson arrived at the scene, searched the defendant, and took as evidence the cable

cutters and impact wrench. After interviewing Oatman and Ulmer, Officer Nelson went to the residence that Oatman had seen the defendant enter earlier that day. Thereafter, Detective John Cameron went to the residence and spoke with Peter Lira, who gave the officers permission to search the residence. The officers found a Telstar heater and module machine, both identified as telephone company equipment.

Randy Rossberg, the U.S. West employee assigned to the truck parked at Ulmer's, testified that he inventoried the tools and equipment in the truck after the reported thefts. He then worked with another employee, Shelley Freshly, in compiling a list of items that were missing. Rossberg testified that his truck was normally equipped with a tool bucket full of hand tools, cable cutters and an impact wrench. Of the items missing, all were recovered except the bucket filled with tools.

Freshly testified that she used a catalog used by the company to order tools to attach replacement values to the missing items. The cable cutters were valued at **$96.83,** the impact wrench at **$196.70,** and the tool bucket and hand tools at a total of **$424.92.** Freshly further testified that she was sure that the total worth of the items at the time they were taken was over *$300.*

The defendant testified that he took the cable cutters and impact wrench, but stated that they were laying next to the truck. He denied taking the other items.

On appeal, the defendant argues that there was not sufficient evidence to convict him of felony theft because the State failed to prove beyond a reasonable doubt that he stole the Telstar heater

3

and module machine. This Court will not overturn a criminal conviction if, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Krum (1989), 238 Mont. 359, 362, 777 P.2d 889, 891.

After reviewing the record, we hold that there is sufficient credible evidence to support the defendant's conviction. The testimony at trial connected the defendant to equipment stolen from the utility truck and to the residence in which the heater and module machine were found. Even if we were to conclude that the evidence was not sufficient to establish that the defendant stole the heater and the module machine, the conviction for felony theft was still supported by substantial credible evidence. Uncontroverted testimony at trial established that the defendant was seen carrying the tool bucket, cable cutters, and impact wrench from the utility truck. The defendant admitted taking the cable cutters and impact wrench. Thus, considering only the evidence regarding the bucket, cable cutters and impact wrench, there was sufficient evidence to support the conviction.

The defendant argues that the District Court erred in finding the commission of a felony theft because the values of the items stolen were established by testimony providing only the replacement costs of the items rather than their market value. We disagree. Freshly was unable to ascertain the market value of the tools in the bucket because they were unavailable. The replacement cost of those tools was established as $424.92. Such valuation of the stolen items is proper in accordance with § 45-2-101(69)(a), MCA,

4

which states in pertinent part:

> (a) **"Value"** means the market value of the property at the time and place of the crime or, if such cannot be satisfactorily ascertained, the cost of the replacement of the property within a reasonable time after the crime.

The total value of the missing bucket of tools is well over the $300 misdemeanor limit and, by itself, is sufficient to provide a basis for determining that the defendant committed a felony theft. Moreover, Freshly testified that she was certain that the total value of the bucket of tools, cable cutters and impact wrench exceeded $300 when they were stolen. We find no error on the part of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

November 22, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

E. JUNE LORD
Attorney at Law
600 Central Plaza, Suite 400
Great Falls, MT  59401

HON. MARC RACICOT, Attorney General
            , Assistant
Justice Blgd.
Helena, MT 59620

PATRICK L. PAUL, County Attorney
Jeffrey T, McAllister, Deputy
Cascade County Courthouse
Great Falls. MT  59401

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy